# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE R., | ) | |
| | ) | |
| Plaintiff, | ) | No. 17cv4954 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| ANDREW M. SAUL, Commissioner of the | ) | |
| Social Security Administration[1], | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jose R.[2] now comes before the Court seeking an award of attorney's fees pursuant to 42 U.S.C. § 406(b) [dkt. 23]. Defendant Commissioner of the Social Security Administration ("Commissioner") opposes the motion. For the reasons detailed herein, Plaintiff's motion is granted in part. Plaintiff's counsel is awarded $17,213.77 in § 406(b) attorney's fees.

**I.   Procedural History**

Plaintiff filed an application for disability benefits on July 2, 2013, alleging an onset date of May 22, 2013. Plaintiff's claims were denied initially and upon reconsideration. After an administrative hearing, Administrative Law Judge ("ALJ") Lee Lewin issued a June 2, 2016 opinion finding Plaintiff not disabled. This Court reversed and remanded the ALJ's decision. [Dkt. 18.]

After a second hearing, Plaintiff received two Notices of Award disclosing that the past due benefits withheld for Plaintiff was $137,710.00 [dkt. 23-2 at p. 3] and $32,982.00 for Plaintiff's son. Plaintiff's counsel now seeks attorney's fees pursuant to 42 U.S.C. § 406(b). At issue here is whether the fee award Plaintiff seeks under 42 U.S.C. § 406(b) is reasonable.

---

[1]   As of June 4, 2019, Andrew M. Saul is the Commissioner of the Social Security Administration. Pursuant to Federal Rule Civil Procedure 25(d), he is hereby substituted as Defendant.

[2]   In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by his first name and the first initial of his last name(s).

Plaintiff's counsel has already received $3,764.13 for work before this court under the Equal Access to Justice Act (EAJA). [Dkt. 22.] He has not yet received any fee for his work at the administrative level under 42 U.S.C. § 406(a), but indicates he intends to seek a fee. [Dkt. 23, p. 10 n. 1.] Because Plaintiff's counsel has already received an EAJA fee, he requests that the Commissioner offset the EAJA fee from any attorney fees the Court might award him under 42 U.S.C. § 406(b). *Id.*

## II. Legal Standard

42 U.S.C. § 406(b)(1) of the Social Security Act provides in pertinent part:

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

While the language of 42 U.S.C. § 406(b)(1) only refers to benefits to which a claimant himself is entitled, the Supreme Court has clarified that counsel is entitled to include 25 percent of a dependent's past-due benefits in his requested fee. *Hopkins v. Cohen*, 390 U.S. 530 (1968). Nonetheless, as to the entire amount sought, the attorney still bears the burden of proving "that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 806 n. 17 (2002).

A reduction in attorney fees may be warranted where the amount requested would represent a windfall to the attorney in light of the time and effort expended by the lawyer. *Gisbrecht*, 535 U.S. at 808. The Supreme Court has explained that the 25% compensation scheme of "§ 406(b) does not displace contingent-fee agreements as the primary means" of compensating attorneys, but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. With this in mind, the Seventh Circuit stated that "the court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed, the risk of loss and the other relevant considerations." *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989). Part of that reasonableness check calls for the Court to consider whether "the benefits are large in comparison to the amount of time counsel spent on the

2

case" and, if so, "a downward adjustment is…in order." *Gisbrecht*, 535 U.S. at 791.

Additionally, the Court finds the Fourth Circuit's 1966 decision in *Redden v. Celebreeze*, 370 F.2d 373, remains relevant and quite enlightening to this matter:

> disability cases are frequently drawn out over a considerable period of time and the accrued benefits which are ultimately determined to be payable may be very substantial. When they are, judges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar. *Routine approval of the statutory maximum allowable fee should be avoided in all cases.* In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

*Redden*, 370 F.2d at 376 (4th Cir. 1966) (emphasis added).

**III. The Reasonableness of Plaintiff's Proposed Fee Award**

    **a. Dependent Benefits**

While counsel is indeed entitled to include 25 percent of a dependent's past-due benefits in the fee he requests from the Court, the Court must still be the "independent check" on the reasonableness of counsel's fee award. *Hopkins*, 390 U.S. 530; *Gisbrecht*, 535 U.S. at 807. The Commissioner urges the Court to consider that including dependent's award amount here "increases the risk of a windfall for the same amount of work before this court." [Dkt. 26, p. 4.] Nothing in the Supreme Court's *Hopkins* decision prevents the Court from considering, as part of its windfall analysis, the fact that counsel performed no additional work before the Court with regard to Plaintiff's son. Additionally, the Court believes it only has the ability to award fees for work done before it. As recognized by the dissenting justices of the Supreme Court in the *Hopkins* opinion, "[t]he situation might well be different in a case where the dependents were active plaintiffs before the court and where the primary claimant's attorney provided effective representation for the secondary claimants as well." *Hopkins*, 390 U.S. at 536. We do not have that situation here; no additional work was required, nor was any additional risk taken, to secure benefits for Plaintiff's son as these benefits are derivative of Plaintiff's claim. Thus, the Court finds (in part in

3

light of the already high hourly rate sought, as discussed below) that adding the past due benefits of Plaintiff's dependent to the proposed calculation would indeed provide a windfall to Plaintiff's counsel. *Accord Guinn v. Berryhill*, 2018 WL 4258510, at *2 (W.D.N.C. Sept. 6, 2018); *Cortes v. Colvin*, 2014 WL 4472613, at *2 (N.D. Ohio Sept. 10, 2014); *Woods v. Colvin*, 2014 WL 2918454 at * 6 (N.D.Ohio June 26, 2014); *Steward v. Astrue*, 2010 WL 2376241 at * 2 (S.D.Ohio June 9, 2010).

Accordingly, the Court hereby declines to allow the recovery of any attorney's fees related to the $32,982.00 awarded to Plaintiff's son as a derivative to Plaintiff's claim for benefits.

### b. Claimant's Benefits

One method of calculating attorney's fees is the "lodestar" approach. Under the lodestar method of calculating an attorney's fees, the number of hours reasonably devoted to a particular case is multiplied by a reasonable hourly fee. *Gisbrecht*, 535 U.S. at 789. However, this is not strictly the method we employ here:

> While the Supreme Court in *Gisbrecht* rejected the lodestar approach as a starting point to determine the reasonableness of a fee request under § 406(b), *see Gisbrecht*, 535 U.S. at 802, 808, certain aspects of a lodestar approach remain in the calculus; as a result, "[d]istrict courts are left to determine how much of the lodestar approach is still viable." *Brannen v. Barnhart*, 2004 WL 1737443, at *5 (E.D.Tex. July 22, 2004); *see Jeter*, 622 F.3d at 381 ("[D]istrict courts may consider the lodestar method in determining the reasonableness of a § 406(b) fee, but the lodestar calculation alone cannot constitute the basis for an 'unreasonable' finding.").

*Smith v. Saul*, 2020 WL 104138, at *2 (N.D. Ind. Jan. 9, 2020). As the independent check on the reasonableness of counsel's fee award, the Court can assess such factors as whether (1) the fee is out of line with "the character of the representation and the results…achieved"; (2) counsel's delay caused past-due benefits to accumulate; or (3) past due benefits "are large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 535 U.S. at 808.

The Commissioner does not contend there was substandard performance by counsel here, nor that any delay of counsel was the cause of the accumulation of past-due benefits to the claimant. The Commissioner's disagreement centers on the third factor, that the fee counsel requests is excessive in

4

comparison to the amount of time counsel spent on the case. Therefore, the Court has perused the "Summary of Attorney Hours" Mr. Horn expended in this case. [Dkt. 23-1.] This summary gives the Court great pause. Mr. Horn claims to have expended 20.1 hours of attorney time in litigation of this matter. However, many of the entries have no explanation for the activity engaged in, and merely list the date and time allegedly spent on the unspecified task. Rather, these entries have "ditto marks" replacing the activity text (and in one case, the activity section is wholly blank).

SUMMARY OF ATTORNEY HOURS EXPENDED ON
**REDACTED**, 17 C 4954

| Date | Hours | Activity |
|---|---|---|
| 5/23/17 | 1.0 | Review pre-hearing memo, ALJ decision, request for review, Appeals Council denial |
| " " | 0.5 | Confer with client, prepare contract and EAJA assignment |
| 7/2/17 | 1.7 | Write and research complaint and settlement offer |
| " " | 0.4 | Prepare complaint, civil cover, appearance, IFP |
| 7/3/17 | 0.4 | File complaint, civil cover, appearance, IFP |
| 7/5/17 | 0.1 | Review order(s) |
| 7/6/17 | 0.1 | " " |
| 7/11/17 | 0.1 | Pay filing fee |
| 7/24/17 | 0.1 | " " |
| 8/23/17 | 0.1 | " " |
| 8/28/17 | 0.1 | " " |
| 8/29/17 | 0.1 | " " |
| 8/30/17 | 0.1 | " " |
| 9/1/17 | 0.1 | Notice of filing of administrative record |
| 9/6/17 | 0.1 | Review order(s) |
| 10/7/17 | 3.5 | Review 411 page administrative record |
| 10/8/17 | 3.4 | " " |
| 10/9/17 | 3.2 | Research and write motion for summary judgment and memo |
| 10/10/17 | 1.8 | |
| 10/11/17 | 0.2 | File motion for summary judgment, supporting memo |
| 12/18/17 | 0.9 | Review government motion and memo and review cases |
| 12/30/17 | 2.1 | Research and write reply |
| 5/30/18 | 0.2 | Review order, judgment |
| " " | 0.2 | Confer with client |

Total: 20.1 hours

One must go back a long way to find a case adequately describing ditto marks, but when one does, it is plain these marks "should be read as a repetition or reproduction of the words and figures in

5

the line above them." *Hughes v. Powers*, 99 Tenn. 480, 42 S.W. 1, 2 (1897). When the Court reads Mr. Horn's ditto marks as meaning the same thing as the previous entry, his time entries containing ditto marks initially seem reasonable in that on both 7/5/2017 and 7/6/2017, he likely meant that he "review[ed] order(s)." However, the next five entries that contain ditto marks in the activity column describe for the reader a situation wherein Mr. Horn appears to have paid a filing fee in six separate, consecutive entries (*i.e.*, 7/11/2017; 7/24/2017; 8/23/2017; 8/28/2017; 8/29/2017; and 8/30/2017). As the Court never granted Plaintiff leave to pay his filing fee in installments, these entries simply cannot be accurate. Thus, Mr. Horn's ditto marks are, as a whole, without intelligible meaning and those entries that contain them will be ignored by the Court as valid time entries. Similarly, the Court cannot tell what activity took up 1.8 hours of counsel's time on 10/10/2017 as the activity column is totally blank. "Time records are deficient when they fail to include a clear description of work performed, the day on which it was performed, and the number of hours expended." *Max M. v. Illinois State Bd. of Educ.*, 684 F. Supp. 514, 526 (N.D. Ill. April 14, 1988), aff'd sub nom. *Max M. v. New Trier High Sch. Dist. No. 203*, 859 F.2d 1297 (7th Cir. 1988) (citing *Shakman v. Democratic Org. of Cook County*, 634 F.Supp. 895, 900 (N.D.Ill.1986)).Therefore, this entry will also be disregarded by the Court. Mr. Horn has not met his burden of proving that these particular time entries for which he seeks a fee are "reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 806 n. 17.

Subtracting the 5.8 hours of disallowed time described above, the Court is left to contend with the 14.3 hours of valid attorney time for which Mr. Horn claims a fee.

Again, the past due benefits withheld for Plaintiff amounts to $137,710.00 [dkt. 23-2 at p. 3]. Twenty-five percent of that amount is $34,427.50. This results in an hourly rate of $2,407.52. The Court finds $34,427.50 to be an astronomical recovery for counsel when viewed in terms of an hourly rate.

Therefore, as suggested by Supreme Court in *Gisbrecht*, this Court looks for guidance in the form of counsel's normal hourly rate in a non-contingent matter. *Gisbrecht*, 535 U.S. at 807-08. While counsel has neglected to attach the declaration he intended to be Exhibit E to his motion (*see* dkt. 23, ¶13), as he

is an officer of the Court, the Court will accept the representation in his signed motion that his hourly rate for non-contingent matters in 2017 was $500 per hour. *Id.* Thus the amount counsel would receive from Plaintiff's benefits here, if he were granted 25% of those benefits, amounts to approximately 5x his hourly rate. The Sixth Circuit has offered some helpful guidance on this point, suggesting that a multiplier of two is an appropriate floor (*i.e.*, doubling of an attorney's hourly rate would be *per se* reasonable), and a multiplier above that amount is when a "court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee." *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 422 (6th Cir. 1990) (citing *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir.1986) ("[w]ithout a floor the introduction of a cap would depress average fees below their expected level in the private market")).

As to rebuttal against the presumed reasonableness, the Court reviewed several cases cited by, ironically, Mr. Horn himself (*see* dkt. 23, ¶ 13), where he has received § 406(b) fees as a result of his efforts in these types of cases, and finds them helpful. Specifically, the Court finds useful the language of *Kirby v. Berryhill*, 2017 WL 5891059 (N.D. Ill. Nov. 29, 2017), the most recent and highest of Mr. Horn's fee awards, in terms of hourly rate. While Mr. Horn's representation did in fact achieve favorable results for his client in this case, and he was not responsible for any delays in the proceedings, this case is no *Kirby*. In *Kirby*, Mr. Horn was awarded an hourly rate of $1,613.84 per hour over the Commissioner's objection. That award was made, in part, because Mr. Horn had represented his client through six years of proceedings, "shepherded his client through multiple hearings and appeals to a favorable result," and dealt with an 800-plus page administrative record. *Kirby*, 2017 WL 5891059 at *1. Here, "counsel represented Plaintiff beginning with the reconsideration stage,"[3] represented his client at two administrative hearings, appealed the ALJ's initial denial of benefits resulting in the Court granting a remand, and obtained a favorable result upon remand. [Dkt. 23, ¶¶ 3, 22.] Compared to *Kirby*, counsel

---

[3] Although counsel states his representation of Plaintiff began in 2013, counsel's notation that he "represented Plaintiff beginning with the reconsideration stage" appears to be more accurate based on his time sheet. Mr. Horn's time sheet shows a single one-hour conference with Plaintiff in 2013 (nearly six months after Plaintiff filed his claim for benefits), then no activity until the reconsideration stage of this case three years later in 2016. [Dkt. 23-5.]

7

represented Plaintiff for three and a half years of proceedings, opposed to the six in *Kirby*; counsel attended two administrative hearings, the same number as in *Kirby*; and dealt with a 407-page administrative record, as opposed to the over 800-page record in *Kirby*. Like *Kirby*, while the Court here is also "reluctant to rely heavily on a method for determining whether a contingency fee is reasonable that penalizes efficiency," *Kirby*, 2017 WL 5891059, at *1, it does not appear that counsel was necessarily more efficient in this case than he was in *Kirby*, merely that this case was likely less complex. Indeed, adding credence to this notion is the fact the judge in *Kirby* wrote a 14-page remand opinion (*Kirby v. Berryhill*, No. 14-cv-5936, dkt. 22 (N.D. Ill. July 19, 2016)), whereas this Court was able to remand Plaintiff's case with only a 5-page opinion (*Jose R. v. Berryhill*, No. 17-cv-4954, dkt. 18 (N. D. Ill. May 30, 2018)). Following guidance from the Seventh Circuit, the *Kirby* court found Mr. Horn's rate of $1,613.84 to be in proportion to the services performed in that matter. *McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) (court should consider the reasonableness of the contingency percentage to make sure the attorney does not receive fees which are out of proportion to the services performed…").

As discussed, not only does counsel's potential recovery sought here amount to approximately 5x his hourly rate, which the Court finds too high of a multiplier, but his rates at $2,407.52 per hour are out of proportion to his work on this case when you compare it to the work he did on the most recent Social Security case where he received his highest hourly fee award (*i.e.*, *Kirby*).[4] While the Court is mindful of balancing both the risks involved to counsel when taking on these types of contingent cases,[5] and the fact that Social Security benefits are provided for the support and maintenance of the claimant and his dependents and not for the enrichment of members of the bar, in light of all the foregoing considerations, the Court cannot in good conscience, approve the statutory maximum allowable fee as a matter of routine

---

[4] The Court also finds an hourly rate of $2,407.52 exorbitant in light of the fact it exceeds, by a fair margin, the amount Plaintiff will be receiving on a *monthly* basis in disability benefits – $2,077.50 per month. *See* dkt. 23, ¶ 24.

[5] The Court appreciates the risk involved here (and in any contingent case), but at the same time, as the Commissioner points out, this risk-of-no-recovery in Social Security cases argument "is not a terribly strong one [and t]here isn't really as much risk involved as [counsel] contends." *Dettloff v. Colvin*, 2015 WL 3398366, at *2 (N.D. Ill. May 27, 2015); *see also*, dkt. 26, p. 6.

8

here; because the fees sought here have failed the Court's reasonableness check, "a downward adjustment in order." *Gisbrecht*, 535 U.S. at 791.

While the Commissioner does not suggest a particular hourly fee he would find appropriate to award Mr. Horn, the Court will "split the baby" and award Mr. Horn half the hourly rate discussed above ($2,407.52) for the hours the Court has determined to be valid (14.3 hours). Thus, the Court grants Mr. Horn $1,203.76 per hour for the 14.3 hours for which he has substantiated time entries in this matter. This amounts to a recovery of $17,213.77 in § 406(b) fees.[6]

   c. **Apportionment of Fees**

Finally, we must address the fact Mr. Horn asks the Court to "offset" any § 406(b) recovery from the EAJA fees he has already received in this matter [*see* dkt. 22], which results, ultimately, in the Commissioner withholding the balance of the total amount withheld by the Social Security Administration until Mr. Horn seeks his administrative fees in this matter.

As a general rule, counsel is not entitled to retain both his EAJA fees and the award for past due benefits under § 406(b), because to do so would violate § 406(b)'s prohibition on awarding fees greater than 25% of the total. *See Gisbrecht*, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the amount of total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits."); 42 U.S.C. § 406(b)(1)(A). If a claimant's attorney receives fees under both EAJA and § 406(b), he "must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (quotation and alteration omitted); *see* 42 U.S.C. § 406(b)(2) (finding any attorney charging an amount of fees in excess of those authorized in § 406(b) to be guilty of a misdemeanor); *Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 668 (explaining that

---

[6] The Court notes that $1,203.76 per hour of substantiated time falls squarely within the range of recovery in Mr. Horn's four comparator cases from this district (*see* dkt. 23, ¶ 20: $1,613.84; $1,436.77; $1,429.77; and $1,164.51). Additionally, despite the fact Mr. Horn submitted substandard time records, if the Court were to presume, *arguendo*, that 20.1 hours of work could be substantiated for this matter, a recovery of $17,213.77 divided by 20.1 hours still amounts to $856.41 per hour, which is not out of proportion to the comparator decisions referenced by the Commissioner from this district (*see* dkt. 26, p. 6 and dkt. 26-1: $929.83; $982.91; $999.00).

9

the attorney's refund to the claimant avoids the ramifications of § 406(b)(2)). Thus, "the scheme [proposed by Plaintiff's counsel] is not expressly authorized by the applicable statutes or regulations," and, indeed, has been prohibited by the Northern District of Illinois when Mr. Horn sought to implement it before. *Schneider v. Colvin*, No. 12 cv 9084, Order on § 406(b) fees, dkt. 47 (March 10, 2016) (reconsideration denied November 7, 2016).

Additionally, "a federal court is without jurisdiction to render a fee award touching on an attorney's efforts in administrative proceedings." *Id.* (citing *Picha v. Chater*, No. 94 cv 2832, 1996 WL 501566, at *1 (N.D. Ill. Aug. 28, 1996); *Buchanan v. Apfel*, 249 F.3d 485, 492 (6th Cir. 2001); *Mathus v. Heckler*, 661 F. Supp. 241, 243 (N.D. Ill. 1987); *Ruzicka v. Heckler*, 562 F. Supp. 499, 500 (N.D. Ill. 1983); 20 C.F.R. § 404.1728(b) (explaining that other than the § 406(b) fee award, "[w]e will not certify for direct payment any other fee your representative may request")). Thus, as has been pointed out to attorney Horn before,[7] the Court does not believe it has authority to order the Commissioner to retain funds for the potential payment of administrative fees as sought by Plaintiff's counsel in his motion [dkt. 23, p. 10, n 1], and it will not do so here.

## IV. Conclusion

For the foregoing reasons, Plaintiff's Motion for Attorney's Fees [dkt. 37] pursuant to 42 U.S.C. § 406(b) is granted in part. Plaintiff's attorney, John E. Horn, is awarded $17,213.77 in 42 U.S.C. § 406(b) fees, payable by the Social Security Administration from Plaintiff's past-due Social Security disability benefits. From this amount, counsel will refund to Plaintiff the amount of $3,764.13, equal to the EAJA attorney fees recovered by attorney Horn for representation of Plaintiff in Court.

**ENTERED: 2/11/2020**

U.S. Magistrate Judge, Susan E. Cox

---

[7] *See Schneider*, No. 12 cv 9084, Order on § 406(b) fees, dkt. 47 (March 10, 2016) (reconsideration denied November 7, 2016); *K.M.O. v. Saul*, No. 17 cv 8931, Order on § 406(b) fees, dkt. 40 (January 28, 2020).

10